IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON NELSON PETERS,

    Plaintiff,

v.

DOMINICK DEROSE, et al.,

    Defendants.

CIVIL NO. 3:13-CV-02152

(Judge Mariani)

MEMORANDUM

I.    Introduction

Plaintiff, Brandon Nelson Peters ("Plaintiff" or "Peters") an inmate currently confined at the Dauphin County Prison in Harrisburg, Pennsylvania initiated this action on August 14, 2013 by filing a Complaint pursuant to 28 U.S.C. § 1331[1]. (Doc. 1). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis.* (Doc. 2). Plaintiff's complaint alleges that Dauphin County Prison officials are "trying to make [him] complete the Drug & Alcohol program because they say it's they [policy] to earn a good [recommendation] for parole. They cannot do that because I was not ordered to complete the program by my sentencing Judge Todd A Hoover [upon] sentencing." (Doc. 1, p. 2-3).

---

[1] The Court notes that Plaintiff asserts that his Complaint should be filed under 28 U.S.C. § 1331, however, because he is bringing his claims against state officials, it should properly be brought under 42 U.S.C. § 1983. Because we are giving Plaintiff a chance to amend his complaint, he will have an opportunity to fix this issue.

Plaintiff names the following Defendants: Dominick DeRose, Warden; Elizabeth Nicholas; and Jeffrey Haste, Prison Board Chairman. (*Id.* at 1).

On August 16, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that we dismiss Plaintiff's Complaint without prejudice to Plaintiff endeavoring to correct the defects cited in this report, provided that the Plaintiff acts within twenty (20) days. (Doc. 5). Pursuant to Local Rule 72.3, Plaintiff was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Plaintiff did not file Objections to the R&R.

## II. Standard of Review

### A. Review of a Report and Recommendation

If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

### B. Screening

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must

2

accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. Discussion

In the R&R the Magistrate Judge recommends dismissal of the action, citing the Younger[2] abstention doctrine. Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with ongoing state proceedings. See Younger, 401 U.S. 37. The doctrine allows a district court to abstain from hearing a claim if (1) there are ongoing state proceeding that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Kenall v. Russell, 572 F.3d 126, 131 (3d Cir. 2009) (internal citations omitted).

The Magistrate Judge found that Younger abstention was appropriate because it was evident that there was a state court proceeding in the case; it was apparent that Plaintiff had a full and fair opportunity to litigate the issues raised in this lawsuit in his state criminal case through a motion seeking post-conviction relief in that state case; and that it was clear that the state proceedings implicate important state interests, since these matters involve state criminal law enforcement, an issue of paramount importance to the state. (Doc. 5, p. 9).

A review of the Pennsylvania Commonwealth Common Pleas Courts Docket sheets fails to show a pending state case for the Plaintiff. On August 27, 2012, Plaintiff was sentenced in the Court of Common Pleas of Dauphin County to a prison term of three (3) to

---

[2] Younger v. Harris, 401 U.S. 37, 41 (1971).

4

twenty-three (23) months. *Commonwealth v. Peters,* CP-22-CR-0000714-2011. A review of the docket sheet in that case shows that there has been no activity since the sentencing in August 2012. *Id.* As such, the *Younger* abstention doctrine is not appropriate and we will not adopt the reasoning found in the R&R of the Magistrate Judge.

However, we will adopt in part the Report and Recommendation of the Magistrate Judge, and will dismiss without prejudice, because the Complaint still contains deficiencies. Specifically, Plaintiff has failed to exhaust his administrative remedies, the Complaint fails to allege any personal involvement of any of the named Defendants, and Plaintiff is seeking improper relief.

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Spruill v. Gillis,* 372 F.3d 218, 222 (3d Cir.2004) (holding that 42 U.S.C. § 1997e(a), enacted as part of the PLRA, provides that a prisoner may not bring a [civil rights] suit with respect to prison conditions until such administrative remedies as are available are exhausted.). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle,* 534 U.S. 516, 532 (2002). "[I]t is beyond the power of [any] court to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v.*

5

*Reno*, 204 F.3d 65, 73 (3d Cir.2000). The PLRA mandates that inmates properly exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287 (3d Cir.2002). Failure to exhaust available administrative remedies is an affirmative defense that must be pled and proven by the defendants. *Id.* However, a screening court may *sua sponte* dismiss a complaint without prejudice when it is clear from the face of the complaint that the plaintiff did not complete the prison's administrative remedy process prior to filing suit. 42 U.S.C. § 1997e(a); *Ball v. Famiglio*, ___ F.3d ___, 2013 WL 4038562, *7 (3d Cir. 2013); *Ahmed v. Dragovich*, 297 F.3d 201 (3d Cir. 2002); *Mitchell v. Dodrill*, 696 F.Supp.2d 454, 463–64 (M.D.Pa. 2010); *Cooper v. Sniezek*, 2010 U.S. Dist. LEXIS 92808 (M.D.Pa. 2010); *Lombardi v. Pugh*, 2009 U.S. Dist. LEXIS 48373 (M.D.Pa. 2009).

In his Complaint, Plaintiff states that he has not fully exhausted his available administrative remedies. (Doc. 1, p. 2). He explains that he has not exhausted "because they don't answer them it take a long time. The also give you washy answers back." (sic) (*Id.*). Plaintiff must fully exhaust his available administrative remedies, despite his proffered justification for not doing so. As such, we must dismiss the Complaint without prejudice. Because an amendment would not cure the failure to exhaust, the Complaint will be dismissed without prejudice.

Further, civil rights claims cannot be premised on a theory of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). In his Complaint, Plaintiff fails to make any specific factual allegations against any of the Defendants named in his Complaint. As such, he fails to allege how they are personally involved in any wrongdoing against him, and the claims against these Defendants are subject to dismissal if Plaintiff fails to submit an amended pleading.

Also, as relief, Plaintiff is seeking that his charges be dismissed or that he be granted immediate parole. Such relief may only be granted through a writ of habeas corpus. *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Ci. 2001).

## IV. Conclusion

For the reasons discussed above, the Report and Recommendation of the Magistrate Judge will be adopted in part. Plaintiff's Complaint will be dismissed without prejudice, subject to Plaintiff's exhaustion of administrative remedies which he has acknowledged in his Complaint he has failed to do. Should Plaintiff again bring suit on this matter after exhausting his administrative remedies, he must also amend the allegations of his Complaint to show the personal involvement of each named Defendant in the events or

7

occurrences which Plaintiff alleges give rise to his claim.

                                                              _____
                                                              Robert D. Mariani
                                                              United States District Judge